UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MR. JOSEPH J. BROWN,

    Plaintiff,

v.

ANTHONY J. MELLACI, JR., et al.,

    Defendants.

Civil Action No. 16-1268 (FLW)

OPINION

## I. INTRODUCTION

This matter has been opened to the Court by Plaintiff's filing of a civil action pursuant to 28 U.S.C. § 1983. The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 3.) In the instant Complaint, Plaintiff has sued a state court judge, a prosecutor, and several defense attorneys who were involved in his criminal case. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. FACTUAL BACKGROUND

Plaintiff's Complaint is dated February 25, 2016. (ECF No. 1, Complaint at 12.) In his Complaint, he alleges that on February 26, 2009, Prosecutor Melanie Falco and Public Defender Jeffrey W. Coghlan informed him that he had been indicted on a charge of second degree eluding. At the time of his arraignment on May 4, 2009, Plaintiff was represented by Public

1

Defender Coghlan. On March 15, 2010, Plaintiff was represented by Ralph E. Stubbs, who is described in the Complaint as a "pool attorney." According to the Complaint, Stubbs, Falco, and Coghlan committed "illegal Representation and Malicious Prosecution." On October 22, 2010, Plaintiff allegedly informed the Honorable Anthony J. Mellaci in open court that the plea agreement was "based on a Lie and Fabrication" by Stubbs and Falco. On January 14, 2011, Plaintiff appeared before Judge Mellaci with a new pool attorney, Anthony Fazioli. At this appearance, Plaintiff requested "leave to appeal a motion," and Judge Mellaci allegedly "Made terroristic threats, Slanderous bias remarks, verbal bias intimidation remarks, and committed official Judicial felony misconduct." (*Id.*) The Complaint alleges that on November 29, 2012 Plaintiff filed a petition for post-conviction relief ("PCR"). Plaintiff alleges, however, that he was "deprived of his civil rights to appeal his conviction by the assigned designated counsel," who is not named in the Complaint. (*Id.*) On March 3, 2015, Plaintiff refiled his PCR "to no avail." (*Id.*) On June 15, 2015, Plaintiff alleges that he "learned that the indictment and case had all been a lie fabricated in retaliation by the Public Defender, Jeffrey W. Coghlan, and the State Prosecutor Melanie Falco." (*Id.*)

Plaintiff has attached to his Complaint a letter he wrote to Public Defender Joseph E. Krakora, which is dated February 10, 2016. (*Id.* at 13-14.) That letter repeats his allegation that he was never properly indicted on the eluding charge, and further alleges that "there or [sic] no grand jury minutes transcripts from April 1st, 2009 on the second-degree Eluding charge." (*Id.* at page 13.) The letter also states that the Public Defender's and Prosecutor's Offices fabricated the indictment "in Retaliation for another criminal case that [he] was framed and rail-road [sic] for in 2001." (*Id.*) He further states in the letter that he was rushed and misled into pleading guilty to the eluding charge by Defendants Coghlan and Stubbs. (*Id.* at 14.) Plaintiff explains that he

2

"requested that a motion be filed on [his] behalf to dismiss the sentence and charge, base [sic] on the fact that I had not been indicted on the second-degree Eluding charge. However, [he was] informed by the Public defender's office for Post-conviction relief unit that this case should be handled as a PCR." (*Id.* at 14.)

In the relief section of his Complaint, Plaintiff seeks to have his sentence vacated and receive monetary compensation for his other losses. He also seeks "a full federal investigation and review of the full record in regard to this illedge [sic] criminal case." (*Id.* at 12.)

### III. STANDARD OF REVIEW

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314

(3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### IV. ANALYSIS

From the facts alleged in the Complaint, Plaintiff has sued the Defendants named in the Complaint for their alleged participation in a conspiracy to maliciously prosecute him for an

4

offense for which he was never indicted. He additionally appears to allege that the defense attorneys identified in the Complaint provided ineffective assistance of counsel. He seeks the invalidation of his 2011 conviction for eluding and damages for his allegedly unlawful incarceration.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Here, however, Plaintiff's Complaint is subject to dismissal without prejudice in its entirety because § 1983 may not be used as a vehicle to invalidate a conviction and because he cannot receive damages for his allegedly unlawful conviction without meeting the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994). Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004). In general, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.*

In a series of cases beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a related question – whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a

habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment. *See id.* at 487. The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90.

Because *Heck's* favorable termination requirement applies to Plaintiff's claims regarding Defendants' alleged violations of his constitutional rights in connection with his guilty plea, and because Plaintiff does not allege any facts showing that he has met the favorable termination requirement of *Heck*, Plaintiff may not seek relief under § 1983 at this time.[1] Plaintiff suggests in his Complaint that he has filed a PCR in state court, and it is not clear whether that action is

---

[1] Here, it appears that Plaintiff may no longer be serving the sentence that is attempting to challenge though this action and it is not clear whether he is currently subject to any form of parole supervision. Notably, however, the Third Circuit applies *Heck's* favorable termination requirement even where the prisoner has finished serving his sentence and thus it is no longer possible to meet the "favorable termination" requirement of *Heck* by obtaining habeas corpus relief. *See Deemer v. Beard*, 557 F. App'x 162, 163-167 (3d Cir. Feb. 27, 2014); *see also Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006) (declining to hold that Heck's favorable termination rule does not apply to defendants who are no longer in custody absent clear direction from the Supreme Court).

still pending.[2]  Plaintiff may file a new § 1983 complaint for damages for injury caused by his allegedly unconstitutional imprisonment <u>if his confinement is invalidated by state authorities or called into question by issuance of a writ of habeas corpus under 28 U.S.C. § 2254</u>.[3]  Because his federal claims for damages and injunctive relief are not cognizable under § 1983 at this time, however, the Court will dismiss them without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n. 7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved

---

[2]  The Court does not construe Plaintiff's Complaint and attached letter to allege that the Public Defender's Office prevented him from filing (or refused to file) a collateral attack on his conviction.  Instead, it appears that he wished to bring his challenge as a motion based on newly discovered evidence and the Officer of the Public Defender, PCR Unit, told him that his challenge should be brought as a PCR, and it appears from his Complaint that he did file one or more PCRs to challenge his conviction.

[3]  The Court notes that to the extent Plaintiff is able to meet the favorable termination requirement in the future, his Complaint, as currently drafted, appears to fail for additional reasons.  For instance, it is well settled that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (citations omitted).  Furthermore, under federal law, prosecutors have absolute immunity from civil liability, *i.e.*, damages, for their conduct in their role as prosecutors. *See Newsome v. City of Newark*, No. 13-CV-06234 CCC, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)).  It is well established that prosecutors sued under § 1983 enjoy absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. This immunity extends to any acts the prosecutor undertakes "as the state's 'advocate,'" *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006), and is not defeated by allegations that the prosecutor acted in bad faith, *see Ernst v. Child & Youth Servs.*, 108 F.3d 486, 502 (3d Cir. 1997), or "commit[ted] perjury or falsifie[d] evidence," *Davis v. Grusemeyer*, 996 F.2d 617, 630 n. 27 (3d Cir. 1993), overruled on other grounds by *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998).  Finally, "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." *Smart v. Admin. Office of the Courts*, No. CV 14-4303 (FLW), 2016 WL 632230, at *7 (D.N.J. Feb. 17, 2016) (citing *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009)).

without inquiring into the validity of confinement, the court should dismiss the suit without prejudice").

Plaintiff has not explicitly asserted any state law claims. Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, Inc., 983 F.2d at 1284–1285. Here, the Court has dismissed the federal claims without prejudice at the earliest possible stage of the proceedings. Thus, to the extent Plaintiff is attempting to assert state law claims, the Court exercises its discretion to decline supplemental jurisdiction over those state law claims. Pursuant to 28 U.S.C § 1367(d), however, Plaintiff is free to bring his state law

claims in state court within 30 days of the date of the Order accompanying this Opinion.  *See, e.g.*, *Hedges v. Musco*, 204 F.3d 109 (3d Cir. 2000).

## V. CONCLUSION

Plaintiff's federal claims are dismissed without prejudice for the reasons stated in this Opinion; to the extent Plaintiff seeks to assert any state law claims, the Court declines supplemental jurisdiction.  Pursuant to 28 U.S.C § 1367(d), Plaintiff is free to bring any state law claims in state court within 30 days of the date of the Order accompanying this Opinion.  An appropriate Order follows.


/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: September 5, 2017